### TALAMO v. ERMANO.

(City Court of New York, General Term. December 29, 1899.)

1. PARTIES—MISNOMER.
    In an action against "E., otherwise known as D," on a foreign judgment, defendant having appeared, and declared under oath that he was the defendant, an objection that the foreign judgment does not designate him under both names is not well taken.

2. COURTS—RECORD—CERTIFICATION.
    Under the act of congress (1 Stat. 122) providing that the record of foreign courts shall be certified by the judge, chief justice, or presiding magistrate, a record certified by the clerk of court, the county clerk, and the presiding judge is sufficient, where no specific defect is pleaded. though not attested by the secretary of state under the great seal, as required by Code, § 952.

Appeal from trial term.

Action by one Talamo against Errico Ermano, otherwise known as Ermanno De Rigo. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before O'DWYER and HASCALL, JJ.

Wm. J. Faning, for appellant.

F. E. M. Bullowa, for respondent.

HASCALL, J. The cause of action is upon a judgment of an adjoining state, and appellant rests his case, without any proofs on his part, upon the alleged defects in the proofs made against him. It appears that plaintiff's assignor recovered judgment in the common pleas for New Haven county, Conn., against Errico Ermano. The defendant, in the action at bar, is styled "Errico Ermano, otherwise known as Ermanno De Rigo." The objection that the judgment roll from New Haven county does not designate defendant under both of his names is not well taken. He has taken service, appeared, and answered in the present action, declaring, under oath, that he is the defendant; and while he denies, in his answer, that he was served or appeared, yet, in the absence of any other proof, we are bound by the Connecticut record, if competent, and in evidence, and must hold the jurisdiction and judgment of this court complete and regular. The exemplification of record offered in evidence does not, it is true, show, in so many words, "due personal service" of a summons, but declares that the writ was duly served, that defendant appeared, withdrew his appearance, and suffered judgment to go against him. The action was begun by attachment issued by a justice of peace, and whether there were irregularities that defendant might have taken advantage of is immaterial, since none were pleaded and proven.

It may be urged that the certificates of authentication by the clerk of the court, the clerk of the county, and the presiding judge do not bring the foreign record within the specifications of section 952 of our Code, for lack of the attestation by the secretary of state, under the great seal, to the fact that the court was duly constituted, etc. But the court of appeals of this state specifically holds that the act of congress calling for "a certificate of the judge, chief justice, or presiding magistrate that attestation is in due form," etc. (1 Stat. 122), is allsufficient where specific defects are not pleaded.

Judgment appealed from affirmed, with costs and disbursements of appeal.

O'DWYER, J., concurs.